45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tony GREEN, a/k/a Paul Newman, a/k/a Big T, a/k/a Rags,
Defendant-Appellant.
 No. 94-5192.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 13, 1994.
Decided: January 3, 1995.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-93-150)
 James W. Swindell, High Point, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tony Green appeals his conviction on a guilty plea for conspiracy to distribute and possession with the intent to distribute "crack" cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1981), 21 U.S.C.A. Secs. 841(b)(1)(A), 846 (West 1981 & Supp.1994). Green's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the district court erred in its determination that fifty ounces of crack were properly included as relevant conduct, on the ground that that amount was not foreseeable to Green, but asserting that there are no meritorious issues for appeal. Green was notified of his right to file a supplemental brief, but has not done so.
 
 
 2
 We review a factual finding in the determination of a guidelines sentence under a clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). Moreover, a judge does not abuse his discretion even if he solely relies on information in the presentence investigation report for sentencing. See United States v. Terry, 916 F.2d 157, 160 (4th Cir.1990). Here, in making its determination that Green should be held accountable for fifty ounces of crack, the district court relied not only on the factual findings reflected in the presentence investigation report, but also on his review of the trial transcript, and his trial notes from the trial of a coconspirator, in which Green, among others, testified. See generally Blackledge v. Allison, 431 U.S. 63, 74 n. 4 (1977). Under these circumstances, we cannot say that the district court abused its discretion in its determination that fifty ounces of crack were reasonably foreseeable to Green.
 
 
 3
 In accordance with the requirements of Anders, we have thoroughly examined the entire record for any potentially meritorious issues; we found none. We therefore affirm Green's sentence.
 
 
 4
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that copies thereof were served both on the client and on counsel for the government.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.